Gaston, Judge.
 

 We think the Superior Court properly refused the plaintiff’s motion. The point presented by it must be regarded as one quite settled by previous adjudications. In the case of
 
 Sharp
 
 vs.
 
 Jones,
 
 3 Murph. Rep. 306, where an action had been brought against several defendants, and the plaintiff obtained a judgment against one only, it was held that
 
 he
 
 had a right to appeal. This case has been repeatedly noticed in subsequent adjudications, and always recognized as laying down the true doctrine. See
 
 Hicks
 
 vs.
 
 Gilliam,
 
 4 Dev. Rep.
 
 217—Dunn
 
 & Mc
 
 Ilwaine
 
 vs.
 
 Jones,
 
 4 Dev. & Bat. Rep. 154. That doctrine is, that where there is a joint judgment, the appeal must be prayed by all against whom it is rendered — but where there are several judgments, or a judgment several in its parts, he may appeal alone who is alone aggrieved thereby. It has been said that this ought not to be. It is argued that when, in an action against two, a verdict is rendered against one defendant, and in favour of the others, the defendant complaining of the verdict cannot have it set aside so far as it is against him only, and a new trial awarded, and that, according to this analogy, he ought not to be permitted to obtain a trial
 
 de novo
 
 for himself, by means of an appeal to a Superior Court. Now, it is to be remarked that the rule of practice referred to, has been felt and acknowledged to be sometimes an inconvenience; and, on that account, where justice seemed strongly to protest against it, as in criminal prosecutions, it has been openly disregarded. See
 
 The King
 
 vs.
 
 Mawby and others,
 
 6 Term Rep. 619. Besides, an appeal, for the purpose of a trial
 
 de novo
 
 of the issues, is itself an entire departure from common law principles; and there is no rea
 
 *62
 
 son why, in making this departure, the analogy of the com- ’ mon law usages should be any further observed than the purposes of justice require. It has been objected, too, that the ru];e¡ whatever it may be, ought to be mutual — that in the cases put, the plaintiff cannot appeal solely from the judgment rendered in favour of one of the defendants, and therefore a defendant should not be allowed to appeal from the judgment rendered against him. But, there is no foundation for this complaint of a want of mutuality. Each party is allowed to appeal; and the appeal must be from the whole judgment, so far as the appellant is interested. The convicted defendant is a stranger to every part of the judgment, except that which is rendered against him, whereas the plaintiff is a party to the whole judgment, with respect to all and every of the defendants. The distinction is precisely
 
 the
 
 same which prevails in the prosecution of writs of error. The plaintiff in the original action suing out a writ of error, must pray the reversal of the entire judgment. But where in an action one defendant has judgment, and: the plaintiff recovers against the other, the latter may alone bring error to reverse the judgment rendered against himself.
 
 Cannon
 
 vs.
 
 Abbot,
 
 1 Lev.
 
 21
 
 0—Oliver vs.
 
 Hanning,
 
 1 L’d. Raym. 691.—
 
 Vaughn
 
 vs.
 
 Lariman,
 
 Cro. James, 138.
 

 Per Curiam. - Judgment affirmed.